| | |
|---|---|
| United States Bankruptcy Court | United States District Court |
| 5 Post Office Square – Floor 11 | Eastern Massachusetts |
| Boston, MA 02108 | One Courthouse Way – Ste 2300 |
| | Boston, MA 02210 |

In Re: Helen Cameron, et.al., Debtor/Appellant

Appeal taken from U. S. Bankruptcy Case No: 17-10933 FJB

Appeal taken to U. S. District Court Case No: 17-cv-11026-FDS, IV

DEBTOR/APPELLANT'S DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL IN RESPONSE TO DISTRICT COURT ORDER DATED 06/23/2017

1. Debtor comes now in Response to Order of the Court dated and entered on 06/23/2017 at docket No: 6, U. S. District Court, Judge F. Dennis Saylor, IV, presiding. Said Electronic Order requires the Debtor to file designation of the record and to state the issues on appeal with bankruptcy court no later than July 7, 2017. (Note: Debtor has no hard copy of the Order to attach herein – said Order was posted electronically of which Debtor has no capability to print).

2. Further, in response to said Order, Debtor designates the record on appeal from U. S. Bankruptcy Court to U. S. District Court as follows:

The notice of appeal Debtor filed in U.S. Bankruptcy Court designated the <u>entire</u> record on appeal. Such designation includes all documents, all orders, judgments and decrees of Bankruptcy Court and Bankruptcy Appellate Panels; all motions, all hearing transcripts, all evidence and names of witnesses, all notices, all creditors' names whether or not matrix listed; names of all designated and/or appointed Trustees, officers, Receivers of the court; and names of recording, case management and docketing Clerks who may be held responsible for docketing and other case management errors.

3. The issues on appeal include but are not limited to:

(i) - whether debtor's filings constitute "repeat filer" status as that concept is defined in the Code; and whether the number of motions filed constitutes bad faith and, if so, what is that number - court argued debtor filed 30 motions. In other bankruptcy cases not related to this Debtor, some 300 motions were filed without Debtor being sanctioned and without being labeled "in bad faith";   Debtor argues that the herein Debtor-filed cases were docketed, then re-docketed a second or third time on later dates thereby erroneously showing two or more filings of the same case necessary to fraudulently label this Debtor a repeat filer.

(ii) - whether Court's negative label of the Debtor is a personal opinion based in law or an unlawful, arbitrary, and capricious opinion without basis;

(iii) - whether Court's written negative opinion of the Debtor is slander; and whether Debtor should have been provided a due process hearing to clear her otherwise good name before being sanctioned;

(iv) - whether Court and its Clerk fraudulently manipulated the docket necessary to set-up this Debtor to fail;

(v) - whether Court's dismissal of the case was a constructive denial of Debtor's entitlement to discharge of unsecured debt;

(vi) - whether Court allowed its well-favored creditor to breach the automatic stay without required sanction by refusing to hear Debtor's motion for such sanctions;

(vii) - whether Court's entertaining a creditor's request for concurrent Receivership recognition was judicial misconduct especially when Court had an appointed Trustee for that role;

(viii) - whether trustee fraudulently cooperated with one favored creditor against other creditors necessary to work up a preferential treatment plan; and, whether that plan was based and resulted in single-creditor/receiver/trustee bias against the Debtor and all other creditors; and whether Court abused its discretion by allowing such Trustee conduct;

(ix) - whether Court's appointed Trustee breached its duty of integrity, honesty and impartiality in administration of the matter(s) before this court; and, whether Trustee failed its duties to file a final accounting or to formally determine the case to be a "No-Asset" case and to move to close the case before dismissal;

(x) - whether Debtor was denied her constitutional right to equal protection under the U. S. Bankruptcy laws; Court and Clerk provided assistance to "indigent" creditors who had attorney assistance but no assistance to "indigent" debtor filing pro se unassisted by counsel. And, Court guided the experienced attorneys through Court procedure but provided no guidance to inexperienced Debtor. Court reprimanded and applied harshest sanctions of dismissal and restraint-from-using-the-entire-federal-judicial-system-for-two-years against Debtor for Debtor's misunderstanding of complex court procedure. Also Court required Debtor to apply her claimed exemptions to pay waiv(able) fees while Court waived creditors' required fees when both Debtor and creditor claimed indigent status; and, Court blamed Debtor for creditor's expenses even though creditors had no valid claims against the debtor or debtor's property and therefore, logically, should not have enjoined themselves in the bankruptcy proceeding;

(xi) - whether Court's denial of Debtor's requested waiver of fees, waiver of credit counseling, waiver of financial management course, was lawful or arbitrary, capricious, and unlawful;

(xii) - whether Court abused its discretion by demanding Debtor lay bare her private medical records of disability in full disclosure and description of her condition to the Court; then Court generally rejected the Debtor's affidavit and well-provided-description as being not well-provided;

(xiii) - whether Court unreasonably denied Debtor her "fresh start" by prematurely dismissing the case for no reasonable grounds;

(xiv) - whether there are any facts or evidence supporting Court's allegations of Debtor filing Bankruptcy petitions and motions "in bad faith";

(xv) - whether Court Clerk's triple and quadruple docketing "errors" caused irreparable harm to Debtor's economic well-being – well-being this court is designed to protect. For example, Clerk sent Debtor's appeals to Bankruptcy Appellate Panel when Debtor specifically requested appeals go directly to U. S. District Court. And Court Clerk "accidentally?" entered on docket a Relief From Stay order not issued by the Court. Then, Clerk deleted that order from the docket AFTER Creditor perfected a post-bankruptcy lien against the Debtor's exempt property; Court declined to rule on Debtor's motion (generally) to negate the effect of that error. And, at one point Court Clerk demanded the Debtor file a "Statement of Intent" which Debtor was not required by Code to file at the time. Clerk then moved to dismiss the case and Court did dismiss the case for "failure to file" a required document. The Court reinstated the case; then dismissed the case, on-and-on!;

(xvi) - whether the Court Clerk acted in bad faith;

(xvii) - whether Adversary Proceeding Complaint should have been processed and not dismissed since it had been perfected and docketed before bankruptcy case was dismissed; such process would have resolved all other issues before the court, as well.

(xviii) - whether Court breached its responsibility to "report" attorney-creditor's fraudulent conduct to the Bar. Attorney-creditor admitted mistakes in judgment in going after the Debtor's exempt property and Debtor's already discharged debt beyond the statute of limitations - judge allowed that attorney-creditor to continue with its unlawful debt collections practices;

(xix) - whether previously dismissed Chapter 13 case (filed in Michigan) should have been counted as a repeat filing or rather accounted for as a Chapter 13 converted to Chapter 7; whether federal courts have national jurisdiction;

(xx) - whether Court denied Debtor an opportunity to payoff her debt out of court using a Chapter 13 Plan to which creditors agreed only because Debtor had filed a Plan previously that was dismissed sua sponte by Trustee who deemed its "compensation" was insufficient;

(xxi) - whether Court applied unwritten opinions and rules and expected the Debtor to comply with no rules – no justice – no equity - judgments and orders based in conflicting personal opinions;

(xxii) - whether the scheduled non-evidentiary hearing duplicated the proposed Meeting of Creditors by requiring only the Debtor but not creditors to appear; Court scheduled a hearing, then cancelled that hearing, then rescheduled that hearing, then allowed extended automatic stay, then allowed creditor to withdraw motions for relief

from automatic stay, then reinstated those motions, then cancelled, then scheduled evidentiary hearing. Court constructively allowed a state court appointed Receiver who named itself as a creditor, a matrix-listed creditor, and the Trustee, to "skip" the evidentiary hearing to go on "school vacation" instead but Court denied Debtor's motion to continue the hearing for good cause so that newly joined creditors could be noticed of option to attend;

(xxiii) - whether this court is an unfriendly environment – not what Congress intended - not conducive to resolving sensitive life-threatening financial matters;

(xxiv) - whether Debtor is entitled to a reversal of the dismissal order and entry of alternate order discharging unsecured debt.

Respectfully submitted,
Helen Cameron
POB 260672 – 98 Topliff Street
Boston, MA 02126
July 7, 2017

Affidavit: Debtor swears and avers under pains and penalties of perjury the above is true to the best of my knowledge and belief signed this 7th day of July, 2017.

Certification of Service:
On July 7, 2017 I mailed by first class U. S. mail sufficient postage affixed a copy of the above Debtor's Response to Court's Order as follows:

Inspectional Services department of the City of Boston – Housing Division
1010 Massachusetts Avenue – Floor 4
Boston, MA 02118
Attention: Edward Coburn, attorney

Federal National Mortgage Association Headquarters, Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, D. C. 20016-2892

Joshua Krefetz, Receiver
Krefetz Law Firm, LLC
P.O. Box 88
Somerville, MA 02143

Reneau Jean Longoria, Esq.
Attorney For Fannie Mae at
Doonan, Graves, and Longoria
100 Cummings Center – Suite 225D
Beverly, MA 01915

Patrick D. Beaton, Esq.
Attorney for US Bank Trust, N. A. as Trustee
Doonan, Graves, and Longoria, LLC
100 Cummings Center – Suite 225D
Beverly, MA 01915

Respectfully,
Helen Cameron
POB 260672
98 Topliff Street
Boston, MA 02126
July 7, 2017