# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re HELEN CAMERON,<br><br>        Debtor/Appellant. | Civil Action Nos.<br>17-11026 (Lead), 17-11112,<br>17-11193, 17-11251, 17-11359 |

### ORDER CONSOLIDATING CASES, DISMISSING APPEALS 17-11251 AND 17-11359, DISMISSING APPEAL 17-11112 IN PART, DISPOSING OF PENDING MOTIONS, AND <u>ORDERING APPELLANT TO SHOW CAUSE</u>

**SAYLOR, J.**

Appellant Helen Cameron has filed five separate appeals in this Court from the same bankruptcy action. She has filed a motion to consolidate those appeals in the lowest-numbered case pursuant to Local Rule 40.1(j). That same motion requests additional time to file her appeal brief. The United States Trustee for Region 1, as an *amicus curiae*, filed a brief explaining why the appeals should be dismissed or, in the alternative, summarily affirmed.[1]

Because the cases are clearly related, the Court will grant Cameron's motion to the extent it seeks to consolidate the cases, although it will deny it to the extent it requests more time to file an appeal brief. Because the Court lacks jurisdiction over some of the appeals, those appeals will be dismissed. Because Cameron has failed to prosecute the remaining appeals, she will be ordered to show cause why those appeals should not also be dismissed.

---

[1] "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title . . . ." 11 U.S.C. § 307.

I.  **Background**

   A.  **Proceedings Below**

Cameron's contact with the bankruptcy process began long before the underlying bankruptcy proceeding in this appeal. She has filed at least thirteen bankruptcy petitions since 1993. *See* Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 181 (Bankr. D. Mass. June 5, 2017) (Appx. 175).[2] In 13-bk-10115-FJB, the bankruptcy judge not only dismissed her case, but entered an order barring her from filing another bankruptcy case in any jurisdiction for two years because of her "unwillingness . . . to prosecute her cases in accordance with the law," her "cavalier disregard for the truth in her filings and dealings with the court," and her "repeated . . . abuses of the Bankruptcy Code, reeking of bad faith at every turn." Memorandum of Decision on Motion for Order Dismissing Case at 9, *In re Cameron*, 13-bk-10115-FJB, ECF 90 (Bankr. D. Mass. Apr. 18, 2013) (Appx. 60).

The bankruptcy proceeding appealed here was initiated on March 20, 2017. *See* 17-bk-10933-FJB. On March 25, 2017, the receiver who had been appointed in another proceeding to control Cameron's property at 98 Topliff Street, Dorchester, filed a motion for relief from the automatic stay. Motion filed by Interested Party Joshua Krefetz for Relief from Stay Re: 98 Topliff St., Dorchester (Boston), MA and Recognition of Receivership, 17-bk-10933-FJB, ECF

---

[2] District of Massachusetts Bankruptcy Nos. 93-bk-20635-CJK; 94-bk-12799-CJK; 95-bk-12189-CJK; 10-bk-17060-FJB; 11-bk-13543-JNF; 11-bk-18996-FJB; 11-bk-19943-FJB; 12-bk-16699-FJB; 12-bk-18527-JNF; 13-bk-10115-FJB; 15-bk-12102-FJB; and 17-bk-10933-FJB (present case). Eastern District of Michigan Bankruptcy No. 16-bk-32931-DOF.

Parallel citations to "Appx." refer to the appendix submitted by the U.S. Trustee in connection with his response to this Court's September 29, 2017 order. Response to Court Order, *In re Cameron*, 17-cv-11026, ECF 13 (D. Mass. Oct. 19, 2017). These documents are all public court records and, to the extent they are not part of the record of the underlying bankruptcy proceeding on appeal here, subject to judicial notice. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 18-19 (1st Cir. 2004).

17 (Bankr. D. Mass. Mar. 25, 2017) (Appx. 13-25). On April 3, 2017, without filing an opposition and before the bankruptcy court had even ruled on it, Cameron appealed that motion to the Bankruptcy Appellate Panel. Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 23 (Bankr. D. Mass. Apr. 3, 2017) (Appx. 51). The Bankruptcy Appellate Panel dismissed that appeal on April 17, 2017, for lack of jurisdiction (as there was no ruling to review). *Cameron v. Krefetz*, BAP No. MB 17-008 (B.A.P. 1st Cir. Apr. 17, 2017) (Appx. 135-36). The mandate issued on June 5, 2017. Mandate Issued, *In re Cameron*, 17-bk-10933-FJB, ECF 180 (Bankr. D. Mass. June 5, 2017).

On April 10 and 18, 2017, Cameron filed motions to waive the requirements that she receive pre-petition credit counseling and participate in a post-petition financial management course on the ground that she was disabled. Debtor's Motion to Waive of Credit Counseling Requirement, *In re Cameron*, 17-bk-10933-FJB, ECF 41 (Bankr. D. Mass. Apr. 10, 2017) (Appx. 115); Debtor's Request for Exemption from Participation in Financial Management Course Required Under 11 USC s 727 (a) (11) and for Reconsideration of Debtor's Motion to Waive Credit Counseling Certification, *In re Cameron*, 17-bk-10933-FJB, ECF 64 (Bankr. D. Mass. Apr. 18, 2017) (Appx. 132-34).[3] The bankruptcy court scheduled evidentiary hearings on those motions and expressly ordered her to attend. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 124 (Bankr. D. Mass. May 10, 2017) (Appx. 205); Order, *In re Cameron*, 17-bk-10933-FJB, ECF 133 (Bankr. D. Mass. May 15, 2017) (Appx. 137).

Cameron did not appear at the evidentiary hearing. Order, *In re Cameron*, 17-bk-10933-

---

[3] 11 U.S.C. § 109(h)(1) provides: "[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

FJB, ECF 146 (Bankr. D. Mass. May 19, 2017) (Appx. 140).  The bankruptcy court then denied her motions to waive the requirements because she did not appear at the hearing and did not provide evidence sufficient for the court to determine that she met the definition of either "incapacity" or "disability" in 11 U.S.C. § 109(h)(4).  *Id.*; Order, *In re Cameron*, 17-bk-10933-FJB, ECF 148 (Bankr. D. Mass. May 19, 2017).

That same day, the bankruptcy court dismissed her case *sua sponte*, on the ground that she had not completed the credit-counseling requirement imposed by 11 U.S.C. § 109(h) in the 180-day period ending on the date of the filing of the bankruptcy petition.  Order, *In re Cameron¸* 17-bk-10933-FJB, ECF 151 (Bankr. D. Mass. May 19, 2017) (Appx. 141).

The bankruptcy court further ordered Cameron to show cause why she should not be barred from refiling for two years (again).  Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 152 (Bankr. D. Mass. May 19, 2017) (Appx. 142).[4]  Cameron did not respond to the show-cause order.  On June 5, 2017, the bankruptcy court entered an order barring her from filing another bankruptcy action in any jurisdiction for two years.  Order, *In re Cameron*, 17-bk-

---

[4] That order stated:

> Whereas, this case was presumptively filed in bad faith pursuant to 11 U.S.C. § 362(c)(3) because the Debtor had a prior case pending within the preceding 1-year period that was dismissed;
>
> Whereas the Court has found by a separate order that the Debtor failed to rebut the presumption that this case was dismissed in bad faith;
>
> Whereas, the Debtor has filed numerous frivolous motions in this matter at great expense to other parties; [and]
>
> Whereas, this case appears to be the latest in a series of bankruptcy filings designed to hinder, delay, or defraud the Debtor's creditors;
>
> Now, therefore, the Debtor is hereby ORDERED TO SHOW CAUSE in writing, on or before June 2, 2017, why this Court should not enter an order barring the Debtor from filing another bankruptcy petition in any jurisdiction for a period of two years.

Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 152 (Bankr. D. Mass. May 19, 2017) (Appx. 142).

10933-FJB, ECF 181 (Bankr. D. Mass. June 5, 2017) (Appx. 175).  Cameron filed a motion to reconsider the filing bar, which the bankruptcy court denied on June 15, 2017.  Order, *In re Cameron*, 17-bk-10933-FJB, ECF 198 (Bankr. D. Mass. June 15, 2017) (Appx. 187).

### B. Appeals to this Court

Cameron has appealed six orders of the bankruptcy court, which has resulted in five appeals pending in this Court.

On May 30, 2017, Cameron appealed the bankruptcy court's May 19, 2017 order dismissing the case.  Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 171 (Bankr. D. Mass. May 20, 2017) (Appx. 170) (appealing ECF 151).  That appeal is pending as 17-cv-11026-FDS.

On June 12, 2017, Cameron appealed both (1) the June 5, 2017 mandate from the Bankruptcy Appellate Panel from the dismissal of her appeal of the receiver's motion and (2) the original June 5, 2017 order barring her from filing another bankruptcy case for two years.  Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 193 (Bankr. D. Mass. June 12, 2017) (Appx. 181) (appealing ECFs 180 & 181).  Those appeals are pending as 17-cv-11112-DJC.

On June 26, 2017, Cameron appealed the bankruptcy court's June 15, 2017 order denying her motion for reconsideration of its order barring her from filing another bankruptcy case for two years.  Notice of Appeal, *In re Cameron*, 17-bk-10933, ECF 202 (Bankr. D. Mass. June 26, 2017) (Appx. 211-12) (appealing ECF 198).  That appeal is pending as 17-cv-11193-WGY.

The last two appeals are procedurally vague.  On July 5, 2017, Cameron filed a document purporting to be a "Notice of Appeal," which did not cite any particular bankruptcy order that was being appealed.  Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 210 (Bankr. D. Mass. July 5, 2017) (Appx. 188).  It stated that the "appeal is of post-dismissal judgment, order,

decree or mandate entered on June 26, 2017," but nothing was filed on June 26 except Cameron's own notice of appeal of the order denying reconsideration. (*Id.*). That appeal is pending as 17-cv-11251-MGM.

The bankruptcy court, at a loss for how to interpret that notice of appeal, entered an order on July 5 stating: "To the extent this pleading constitutes a motion for relief from this court, such motion is denied as the court is unable to discern what relief the debtor is seeking." Order, *In re Cameron*, 17-bk-10933-FJB, ECF 214 (Bankr. D. Mass. July 5, 2017) (Appx. 216). On July 21, 2017, Cameron filed a notice of appeal appealing the bankruptcy court's order denying her relief on her July 5, 2017 notice of appeal. Notice of Appeal, *In re Cameron*, 17-br-10933-FJB, ECF 221 (Bankr. D. Mass. July 21, 2017) (Appx. 217) (appealing ECF 214). That appeal is pending as 17-cv-11359-DJC.

### C. Procedural Background of Appeals

There are no scheduling orders and no procedural history to speak of in three of the appeals, 17-cv-11112, 17-cv-11193, and 17-cv-11251. The procedural history of 17-cv-11026 and 17-cv-11359 will be discussed below.

#### 1. 17-cv-11026

Pursuant to Fed. R. Bankr. P. 8009(a)(1), Cameron was required to file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented" by June 13, 2017. Fed. R. Bankr. P. 8009(a)(1) (requiring designation 14 days after notice of appeal); Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 171 (Bankr. D. Mass. May 30, 2017) (setting designation deadline). She did not timely file the designation.

The Court originally ordered Cameron to file her appeal brief by June 22, 2017. On the day of the deadline, June 22, she filed a first motion for an extension of time to file her brief,

claiming that she was legally blind, untrained in legal analysis, and had not been able to find an attorney. She requested an extension of thirty-five days, to July 27, 2017. Appellant's Motion for Extension of Time to File Brief, *In re Cameron*, 17-cv-11026, ECF 5 (D. Mass. June 22, 2017). The Court granted that motion, but noted that she had failed to designate the record and state the issues on appeal as required by Fed. R. Bankr. P. 8009(a)(1). It accordingly ordered her to file a designation of the record and statement of the issues on appeal with the bankruptcy court by July 7, 2017, and to file her appeal brief and appendix with this Court no later than July 27, 2017.

Cameron filed a designation of the record on the day of the court-ordered deadline. Designation of Record on Appeal and Statement of Issues on Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 215 (Bankr. D. Mass. July 7, 2017) (designating the entire record and raising twenty-four issues). She did not, however, file an appeal brief. Instead, again on the deadline, July 27, she filed a motion to consolidate the five pending appeals and a second motion for an extension of time to file her brief. Motion for Order Consolidating Appeals and Extending Time, *In re Cameron*, 17-cv-11026-FDS, ECF 9 (D. Mass. July 27, 2017). This time, she claimed that she needed extra time because the bankruptcy court had entered additional orders after the dismissal of her case, the appeals of which were assigned different case numbers, and so now the record was incomplete and she wanted to file a single brief. (*Id.*).

On August 1, 2017, Cameron filed a "Motion to Bifurcate Appeal Issues[,] Motion to Vacate Dismissal and Reinstate Chapter 7[, and] Motion to Voluntarily Convert from Chapter 7 to Chapter 11." *In re Cameron*, 17-cv-11026-FDS, ECF 10 (D. Mass. Aug. 1, 2017).

On September 29, 2017, the Court ordered the Trustee to respond to those motions. Electronic Order, *In re Cameron*, 17-cv-11026-FDS, ECF 12 (D. Mass. Sept. 29, 2017). U.S.

7

Trustee William Harrington did so on October 19, 2017. *In re Cameron*, 17-cv-11026-FDS, ECF 13 (D. Mass. Oct. 19, 2017). In that response, U.S. Trustee William Harrington requested consolidation and dismissal or, alternatively, summary affirmance.

### 2. 17-cv-11359

In 17-cv-11359, the Court ordered Cameron to file her appeal brief by September 26, 2017. Electronic Bankruptcy Scheduling Order, *In re Cameron*, 17-cv-11359, ECF 5 (D. Mass. Sept. 12, 2017). She did not file a brief by the deadline.

On October 10, 2017, John O. Desmond, the Trustee in Bankruptcy of Helen Cameron, having previously filed a notice of appearance, filed a motion to dismiss the appeal for failure to prosecute. Motion to Dismiss Appeal, *In re Cameron*, 17-cv-11359, ECF 7 (D. Mass. Oct. 10, 2017). Cameron filed an opposition on October 30, 2017, claiming that she had not filed an appeal brief because of her pending motion to consolidate in 17-cv-11026, and pointing to a motion to vacate the scheduling order that she purportedly filed on September 26, 2017. Appellant's Opposition to Appellee John O. Desmond's Motion to Dismiss Appeal and Appellant's Motion to Dismiss John O. Desmond's Motion to Dismiss Appeal, *In re Cameron*, 17-cv-11359, ECF 8 (D. Mass. Oct. 30, 2017). That motion to vacate was signed on September 26 and certified as mailed on that date to Trustee Desmond, but was not filed with the Court until October 30. It requested that the scheduling order be vacated pending the outcome of the motion to consolidate so that the appeals could proceed together. Appellant's Motion to Vacate Bankruptcy Scheduling Order Dated 09/12/2017, *In re Cameron*, 17-cv-11359, ECF 9 (D. Mass. Oct. 30, 2017).

8

## II. Analysis

### A. Motion to Consolidate

Federal Rule of Civil Procedure 42 allows a court to consolidate actions where those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "In deciding whether to consolidate, '[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate.'" *Messere v. Spencer*, 2013 WL 1327391, at *1 (D. Mass. Mar. 29, 2013) (alteration in original) (quoting *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). "When weighing the costs and benefits of consolidation, it is appropriate to consider 'the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation.'" *Id.* (quoting *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005)).

Plaintiff's motion, to the extent it moves to consolidate her five pending appeals, is unopposed.[5] The appeals all stem from the same underlying bankruptcy proceeding, 17-bk-10933-FJB, and thus all involve the same party and stem from the same operative facts. The appeals are all at very early stages and no party will suffer prejudice from their consolidation. In the interest of judicial efficiency, the Court will grant the motion to consolidate. As the lowest-numbered case and the case appealing the dismissal of the underlying bankruptcy action, 17-cv-11026-FDS will be designated as the lead case and the other appeals will be transferred to this

---

[5] The same motion also requested an extension of time to file her appeal brief. The disposition of that portion of the motion will be discussed below.

9

session and consolidated.

### B. Jurisdiction

This Court has an independent obligation to satisfy itself that it has jurisdiction over the cases here. *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."). Trustee Harrington contends that 17-cv-11251 and 17-cv-11359 must be dismissed for lack of jurisdiction. This Court agrees. Furthermore, part of 17-cv-11112 must be dismissed for lack of jurisdiction.

#### 1. 17-cv-11251

Appeal 17-cv-11251 must be dismissed because there is to be no bankruptcy court order to review, and this Court has no jurisdiction to address general questions in bankruptcy without an order from the bankruptcy court.

#### 2. 17-cv-11359

Appeal 17-cv-11359 must be dismissed because it was not filed within the 14-day deadline for filing a notice of appeal. 28 U.S.C. § 158(c)(1); Fed. R. Bankr. P. 8002(a)(1), 9006. The bankruptcy court's order was issued on July 5, 2017, and Cameron did not file her notice of appeal until July 21, 2017, sixteen days later. Time limits for filing a notice of appeal under Rule 8002(a)(1) are "mandatory and jurisdictional." *E.g.*, *In re Rodriguez*, 516 B.R. 177, 182 (B.A.P. 1st Cir. 2014). Therefore, the Court must dismiss this appeal for lack of jurisdiction. Trustee Desmond's pending motion to dismiss and Cameron's pending motion to vacate the scheduling order will be denied as moot.

#### 3. 17-cv-11112

In addition to an appeal of the bankruptcy court's order barring her from refiling for

bankruptcy for two years, 17-cv-11112 also contains an appeal of the mandate from the Bankruptcy Appellate Panel case dismissing Cameron's appeal of the receiver's motion for relief from the stay. The latter appeal must be dismissed. This Court has no appellate jurisdiction over decisions from the Bankruptcy Appellate Panel. The debtor may elect to appeal to either the Bankruptcy Appellate Panel or the district court, but appeals from either forum's decisions must go to the applicable U.S. Court of Appeals. 28 U.S.C. § 158(d)(1) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."). As this Court cannot review a mandate from the Bankruptcy Appellate Panel, that portion of 17-cv-11112 must be dismissed for lack of jurisdiction.

    **C.**     **Appellant's Motion to Bifurcate Appeal Issues, Motion to Vacate Dismissal and Reinstate Chapter 7, and Motion to Voluntarily Convert from Chapter 7 to Chapter 13**

In 17-cv-11026, Cameron requests that this Court vacate the dismissal of 17-bk-10933-FJB, order the bankruptcy court to reinstate it, and allow her to voluntarily convert her Chapter 7 proceeding to a Chapter 13 proceeding. This appears to be an attempted end-run around the part of the appeals process requiring her to show error in the bankruptcy court's dismissal—as she did not like the outcome of her Chapter 7 proceeding, she requests a "do-over" in Chapter 13 land and further delay in the adjudication or enforcement of any competing claims to 98 Topliff Street, which seems to have been the main contested asset of her twelve prior bankruptcy actions going back to 1993, none of which have been prosecuted through confirmation of a plan. *See* Memorandum of Decision on Motion for Order Dismissing Case at 9, *In re Cameron*, 13-bk-10115-FJB, ECF 90 (Bankr. D. Mass. Apr. 18, 2013) (Appx. 60).

Even if the Court were to somehow conclude that this motion were not filed in bad faith,

it would be futile.  The bankruptcy court found that she had failed to complete the pre-petition credit counseling required by 11 U.S.C. § 109(h)(1).  Without that counseling, Cameron is ineligible to be a debtor under any chapter of title 11, and her case cannot be converted.  11 U.S.C. § 109(h)(1) ("[A]n individual *may not be a debtor under this title* unless such individual has . . . received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . ." (emphasis added)); 11 U.S.C. § 706(d).  Appellant's Motion to Bifurcate Appeal Issues, Motion to Vacate Dismissal and Reinstate Chapter 7, and Motion to Voluntarily Convert from Chapter 7 to Chapter 13 will therefore be denied.[6]

### D. **Failure to Prosecute**

Cameron will be ordered to show cause why the remaining appeals, 17-cv-11026, 17-cv-11193, and part of 17-cv-11112, should not be dismissed for failure to prosecute.

#### 1. **17-cv-11026**

As to 17-cv-11026, Cameron has failed to file her appeal brief by the court-ordered deadline.

Cameron was ordered to file her appeal brief in 17-cv-11026 by July 27.  The Court had already granted her one extension of time.  July 27 was the deadline she herself had requested in her first motion for an extension of time, and therefore ought to have been a feasible deadline for her to meet.  Motions for extensions of time ordinarily should be filed *before* the deadline the motion seeks to extend; here, Cameron waited until the last moment and filed both motions on the deadlines.  The practical effect of such a filing is that the Court does not have time to make a proper decision; instead, it is forced to make a choice between (1) granting the extension or

---

[6] Cameron filed this same motion with the bankruptcy court on July 31, 2017, and that court denied it. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 231 (Bankr. D. Mass. Aug. 4, 2017) (Appx. 226).

(2) dismissing the appeal for failure to file.

The Court is not required to grant litigants extensions of time. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court *may*, for good cause, extend the time . . . ." (emphasis added)); *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 117 (1st Cir. 2005) ("'In the absence of a manifest abuse of discretion, . . . [the court of appeals] will not interfere with a district court's reasoned refusal to grant incremental enlargements of time." (quoting *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990))). Cameron is not an ordinary *pro se* plaintiff, given her history of litigation abuse. The Court sees no reason to continue granting her more time. Therefore, her July 27, 2017 motion, to the extent it requests an extension of time, will be denied.

"If an appellant fails to file a brief on time or within an extended time authorized by the district court, . . . the district court . . . , after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Dismissal is appropriate "when bad faith, negligence or indifference has been shown." *In re Tucker*, 665 F. App'x 841, 844 (11th Cir. 2016). Pursuant to that rule, the Court will order Cameron to show cause why 17-cv-11026 should not be dismissed.

### 2. 17-cv-11112 and 17-cv-11193

As to 17-cv-11112 and 17-cv-11193, Cameron has failed to file her designation of the record and statement of the issues on appeal.

Rule 8009(a)(1) requires that appellants file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1). Failure to do so may result in dismissal of the case, in the discretion of the Court. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any

13

step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court of BAP to act as it considers appropriate, including dismissing the appeal."); *see In re M.A. Baheth Constr. Co.*, 118 F.3d 1082, 1083-84 (5th Cir. 1997).

Courts are split as to whether notice is required before proceeding to dismissal under Rule 8003(a)(2). The Fourth Circuit has held that a district court "must take *at least one* of the following steps: '(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.'" *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (emphasis added) (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)). The Second, Fifth, and D.C. Circuits have taken a more flexible approach, requiring the district court to look at all the circumstances, including all the factors in the Fourth Circuit's rule. *See In re CPDC Inc.*, 221 F.3d 693, 698-99 (5th Cir. 2000). Those Circuits have explained that "district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006) (Sotomayor, J.) (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004) (reversing a dismissal where litigant was given no opportunity to show cause)).

Cameron has not filed any papers, apart from her notice of appeal, in 17-cv-11112 or 17-cv-11193. She has not filed a designation or statement pursuant to Rule 8009(a)(1) in those appeals (or indeed, in any appeal except 17-cv-11026). She has not filed appeal briefs in those cases, which, absent court order, were due 30 days after the docketing of the notice of appeal. Fed. R. Bankr. P. 8018(a)(1). She has offered no explanation for why she has not filed those

14

designations or briefs, or requested any extra time to file them.

Cameron has been through this appeals process before, and the Court is disinclined to give her the benefit of the doubt. To the extent she could have been waiting on the disposition of her motion to consolidate, that 14-day deadline for designations had passed in both cases weeks before that motion was filed. While the Court is confident that circumstances warrant a finding of bad faith, it will nonetheless grant her an opportunity to respond. Cameron will therefore be ordered to show cause why 17-cv-11112 and 17-cv-11193 should not be dismissed.

### III. Conclusion

For the foregoing reasons,

1. In Appeal No. 17-cv-11026, appellant's Motion for Order Consolidating Appeals and Extending Time is GRANTED in part and DENIED in part. Appeal Nos. 17-cv-11026, 17-cv-11112, 17-cv-11193, 17-cv-11251, and 17-cv-11359 are CONSOLIDATED and 17-cv-11026 is designated as the lead. Appellant's Motion to Bifurcate Appeal Issues, Motion to Vacate Dismissal and Reinstate Chapter 7, Motion to Voluntarily Convert from Chapter 7 to Chapter 13 is DENIED.

2. Appeal Nos. 17-cv-11251 and 17-cv-11359 are DISMISSED for lack of jurisdiction. Appeal No. 17-cv-11112 is DISMISSED in part for lack of jurisdiction.

3. In Appeal No. 17-cv-11359, Trustee Desmond's Motion to Dismiss and appellant's Motion to Vacate Bankruptcy Scheduling Order are DENIED as moot.

4. Appellant is ORDERED to show cause in writing, on or before December 29, 2017, why her remaining appeals should not be dismissed for failure to prosecute.

15

**So Ordered.**

                                                  /s/  F. Dennis Saylor
                                                  F. Dennis Saylor, IV
Dated:  December 14, 2017                           United States District Judge