# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In re HELEN CAMERON,<br><br>　　　　Debtor/Appellant. | Civil Action Nos.<br>17-11026 (Lead), 17-11112,<br>17-11193, 17-11251, 17-11359 |

## ORDER DISMISSING APPEALS FOR FAILURE TO PROSECUTE

**SAYLOR, J.**

Appellant Helen Cameron has filed five separate appeals in this Court from the same bankruptcy action, which have been consolidated in this proceeding. The United States Bankruptcy Trustee for Region 1, as an *amicus curiae*, filed a brief explaining why the appeals should be dismissed or, in the alternative, summarily affirmed.[1]

On December 14, 2017, the Court dismissed certain of the appeals for lack of jurisdiction and ordered Cameron to show cause why the remaining appeals should not be dismissed for failure to prosecute. Because Cameron has not provided a sufficient explanation for her failure to prosecute, and has not remedied her failure to make key filings, the remaining appeals will likewise be dismissed.

## I.　Background

### A.　Proceedings Below

Cameron's contact with the bankruptcy process began long before the underlying bankruptcy proceeding in this appeal. She has filed at least thirteen bankruptcy petitions since

---

[1] "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title . . . ." 11 U.S.C. § 307.

1993. *See* Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 181 (Bankr. D. Mass. June 5, 2017) (Appx. 175).[2] In 13-bk-10115-FJB, United States Bankruptcy Judge Frank Bailey not only dismissed her case, but entered an order barring her from filing another bankruptcy case in any jurisdiction for two years because of her "unwillingness . . . to prosecute her cases in accordance with the law," her "cavalier disregard for the truth in her filings and dealings with the court," and her "repeated . . . abuses of the Bankruptcy Code, reeking of bad faith at every turn." Memorandum of Decision on Motion for Order Dismissing Case at 9, *In re Cameron*, 13-bk-10115-FJB, ECF 90 (Bankr. D. Mass. Apr. 18, 2013) (Appx. 60).

The bankruptcy proceeding appealed here was initiated on March 20, 2017. *See* 17-bk-10933-FJB (Bankr. D. Mass.). On March 25, 2017, the receiver who had been appointed in another proceeding to control Cameron's property at 98 Topliff Street, Dorchester, filed a motion for relief from the automatic stay. *See* Motion filed by Interested Party Joshua Krefetz for Relief from Stay Re: 98 Topliff St., Dorchester (Boston), MA and Recognition of Receivership, *In re Cameron*, 17-bk-10933-FJB, ECF 17 (Bankr. D. Mass. Mar. 25, 2017) (Appx. 13-25). On April 3, 2017, without filing an opposition and before the bankruptcy court had even ruled on it, Cameron appealed that motion to the Bankruptcy Appellate Panel. Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 23 (Bankr. D. Mass. Apr. 3, 2017) (Appx. 51). The

---

[2] District of Massachusetts Bankruptcy Nos. 93-bk-20635-CJK; 94-bk-12799-CJK; 95-bk-12189-CJK; 10-bk-17060-FJB; 11-bk-13543-JNF; 11-bk-18996-FJB; 11-bk-19943-FJB; 12-bk-16699-FJB; 12-bk-18527-JNF; 13-bk-10115-FJB; 15-bk-12102-FJB; and 17-bk-10933-FJB (present case). Eastern District of Michigan Bankruptcy No. 16-bk-32931-DOF.

Parallel citations to "Appx." refer to the appendix submitted by the U.S. Trustee in connection with his response to this Court's September 29, 2017 order. Response to Court Order, *In re Cameron*, 17-cv-11026-FDS, ECF 13 (D. Mass. Oct. 19, 2017). Those documents are all public court records and, to the extent they are not part of the record of the underlying bankruptcy proceeding on appeal here, subject to judicial notice. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 18-19 (1st Cir. 2004).

Bankruptcy Appellate Panel dismissed that appeal on April 17, 2017, for lack of jurisdiction (as there was no ruling to review). *Cameron v. Krefetz*, BAP No. MB 17-008 (B.A.P. 1st Cir. Apr. 17, 2017) (Appx. 135-36). The mandate issued on June 5, 2017. Mandate Issued, *In re Cameron*, 17-bk-10933-FJB, ECF 180 (Bankr. D. Mass. June 5, 2017).

On April 10 and 18, 2017, Cameron filed motions to waive the requirements that she receive pre-petition credit counseling and participate in a post-petition financial management course on the ground that she was disabled. Debtor's Motion to Waive of Credit Counseling Requirement, *In re Cameron*, 17-bk-10933-FJB, ECF 41 (Bankr. D. Mass. Apr. 10, 2017) (Appx. 115); Debtor's Request for Exemption from Participation in Financial Management Course Required Under 11 USC s 727 (a) (11) and for Reconsideration of Debtor's Motion to Waive Credit Counseling Certification, *In re Cameron*, 17-bk-10933-FJB, ECF 64 (Bankr. D. Mass. Apr. 18, 2017) (Appx. 132-34).[3] The bankruptcy court scheduled evidentiary hearings on those motions and expressly ordered her to attend. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 124 (Bankr. D. Mass. May 10, 2017) (Appx. 205); Order, *In re Cameron*, 17-bk-10933-FJB, ECF 133 (Bankr. D. Mass. May 15, 2017) (Appx. 137).

Cameron did not, however, appear at the evidentiary hearing. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 146 (Bankr. D. Mass. May 19, 2017) (Appx. 140). The bankruptcy court then denied her motions to waive the requirements because she had not appeared at the hearing and had not provided evidence sufficient for the court to determine that she met the definition of either "incapacity" or "disability" in 11 U.S.C. § 109(h)(4). *Id.*; Order, *In re Cameron*, 17-bk-

---

[3] 11 U.S.C. § 109(h)(1) provides: "[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

10933-FJB, ECF 148 (Bankr. D. Mass. May 19, 2017).

That same day, the bankruptcy court dismissed her case *sua sponte* on the ground that she had not completed the credit-counseling requirement imposed by 11 U.S.C. § 109(h) in the 180-day period ending on the date of the filing of the bankruptcy petition. Order, *In re Cameron*¸ 17-bk-10933-FJB, ECF 151 (Bankr. D. Mass. May 19, 2017) (Appx. 141).

The bankruptcy court further ordered Cameron to show cause why she should not be barred from refiling for two years (again). Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 152 (Bankr. D. Mass. May 19, 2017) (Appx. 142).[4] Cameron did not respond to the show-cause order. On June 5, 2017, the bankruptcy court entered an order barring her from filing another bankruptcy action in any jurisdiction for two years. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 181 (Bankr. D. Mass. June 5, 2017) (Appx. 175). Cameron filed a motion to reconsider the filing bar, which the bankruptcy court denied on June 15, 2017. Order, *In re Cameron*, 17-bk-10933-FJB, ECF 198 (Bankr. D. Mass. June 15, 2017) (Appx. 187).

---

[4] That order stated as follows:

> Whereas, this case was presumptively filed in bad faith pursuant to 11 U.S.C. § 362(c)(3) because the Debtor had a prior case pending within the preceding 1-year period that was dismissed;
>
> Whereas the Court has found by a separate order that the Debtor failed to rebut the presumption that this case was dismissed in bad faith;
>
> Whereas, the Debtor has filed numerous frivolous motions in this matter at great expense to other parties; [and]
>
> Whereas, this case appears to be the latest in a series of bankruptcy filings designed to hinder, delay, or defraud the Debtor's creditors;
>
> Now, therefore, the Debtor is hereby ORDERED TO SHOW CAUSE in writing, on or before June 2, 2017, why this Court should not enter an order barring the Debtor from filing another bankruptcy petition in any jurisdiction for a period of two years.

Order to Show Cause, *In re Cameron*, 17-bk-10933-FJB, ECF 152 (Bankr. D. Mass. May 19, 2017) (Appx. 142).

4

### B. Appeals to this Court

Cameron has appealed six orders of the bankruptcy court, which has resulted in five appeals pending in this Court.

On May 30, 2017, Cameron appealed the bankruptcy court's May 19, 2017 order dismissing the case. Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 171 (Bankr. D. Mass. May 20, 2017) (Appx. 170) (appealing ECF 151). That appeal was assigned case number 17-cv-11026-FDS.

On June 12, 2017, Cameron appealed both (1) the June 5, 2017 mandate from the Bankruptcy Appellate Panel from the dismissal of her appeal of the receiver's motion and (2) the original June 5, 2017 order barring her from filing another bankruptcy case for two years. Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 193 (Bankr. D. Mass. June 12, 2017) (Appx. 181) (appealing ECFs 180 & 181). Those appeals were assigned case number 17-cv-11112-DJC.

On June 26, 2017, Cameron appealed the bankruptcy court's June 15, 2017 order denying her motion for reconsideration of its order barring her from filing another bankruptcy case for two years. Notice of Appeal, *In re Cameron*, 17-bk-10933, ECF 202 (Bankr. D. Mass. June 26, 2017) (Appx. 211-12) (appealing ECF 198). That appeal was assigned case number 17-cv-11193-WGY.

On July 5, 2017, Cameron filed a document purporting to be a "Notice of Appeal," which did not cite any particular bankruptcy order that was being appealed. Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 210 (Bankr. D. Mass. July 5, 2017) (Appx. 188). It stated that the "appeal is of post-dismissal judgment, order, decree or mandate entered on June 26, 2017," but nothing was filed on June 26 except Cameron's own notice of appeal of the order denying reconsideration. (*Id.*). That appeal was assigned case number 17-cv-11251-MGM.

The bankruptcy court, at a loss for how to interpret the latter notice of appeal, entered an order on July 5 stating: "To the extent this pleading constitutes a motion for relief from this court, such motion is denied as the court is unable to discern what relief the debtor is seeking." Order, *In re Cameron*, 17-bk-10933-FJB, ECF 214 (Bankr. D. Mass. July 5, 2017) (Appx. 216). On July 21, 2017, Cameron filed a notice of appeal appealing the bankruptcy court's order denying her relief on her July 5, 2017 notice of appeal. Notice of Appeal, *In re Cameron*, 17-br-10933-FJB, ECF 221 (Bankr. D. Mass. July 21, 2017) (Appx. 217) (appealing ECF 214). That appeal was assigned case number 17-cv-11359-DJC.

As noted, all of those appeals have been consolidated into this proceeding.

### C.     Procedural Background of Appeals

In 17-cv-11026, pursuant to Fed. R. Bankr. P. 8009(a)(1), Cameron was required to file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented" by June 13, 2017. Fed. R. Bankr. P. 8009(a)(1) (requiring designation 14 days after notice of appeal); Notice of Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 171 (Bankr. D. Mass. May 30, 2017) (setting designation deadline). She did not timely file the designation.

The Court originally ordered Cameron to file her appeal brief by June 22, 2017. On the day of the deadline, June 22, she filed a motion for an extension of time to file her brief, claiming that she was legally blind, untrained in legal analysis, and had not been able to find an attorney. She requested an extension of 35 days, to July 27, 2017. Appellant's Motion for Extension of Time to File Brief, *In re Cameron*, 17-cv-11026, ECF 5 (D. Mass. June 22, 2017). The Court granted that motion, but noted that she had failed to designate the record and state the issues on appeal as required by Fed. R. Bankr. P. 8009(a)(1). It accordingly ordered her to file a designation of the record and statement of the issues on appeal with the bankruptcy court by July

6

7, 2017, and to file her appeal brief and appendix with this Court no later than July 27, 2017.

Cameron filed a designation of the record on the day of the court-ordered deadline. Designation of Record on Appeal and Statement of Issues on Appeal, *In re Cameron*, 17-bk-10933-FJB, ECF 215 (Bankr. D. Mass. July 7, 2017) (designating the entire record and raising twenty-four issues). She did not, however, file an appeal brief. Instead, again on the deadline, July 27, she filed a motion to consolidate the five pending appeals, which contained a second motion for an extension of time to file her brief. Motion for Order Consolidating Appeals and Extending Time, *In re Cameron*, 17-cv-11026-FDS, ECF 9 (D. Mass. July 27, 2017). This time, she claimed that she needed extra time because the bankruptcy court had entered additional orders after the dismissal of her case, the appeals of which were assigned different case numbers, and the record was incomplete and she wanted to file a single brief. (*Id.*).

On August 1, 2017, Cameron filed a "Motion to Bifurcate Appeal Issues[,] Motion to Vacate Dismissal and Reinstate Chapter 7[, and] Motion to Voluntarily Convert from Chapter 7 to Chapter 13." *In re Cameron*, 17-cv-11026-FDS, ECF 10 (D. Mass. Aug. 1, 2017). On September 29, she filed a "Notice of Appeal" of a Massachusetts Housing Court decision in 17H84CV00091. Notice of Appeal, *In re Cameron*, 17-cv-11026-FDS, ECF 11 (D. Mass. Sept. 29, 2017).

On September 29, 2017, the Court ordered the Trustee to respond to those motions. Electronic Order, *In re Cameron*, 17-cv-11026-FDS, ECF 12 (D. Mass. Sept. 29, 2017). U.S. Trustee William Harrington did so on October 19, 2017. *In re Cameron*, 17-cv-11026-FDS, ECF 13 (D. Mass. Oct. 19, 2017). In that response, Trustee Harrington requested consolidation and dismissal or, alternatively, summary affirmance.

On December 14, 2017, the Court the Court granted Cameron's July 7 motion to the

7

extent it requested consolidation of her pending appeals but denied it to the extent that she requested additional time to file her appeal brief. The Court denied Cameron's August 1 motion to bifurcate the appeals and reinstate the bankruptcy action. The Court dismissed 17-cv-11251 and 17-cv-11359 for lack of jurisdiction. The Court further dismissed 17-cv-11112 to the extent that it sought review of the mandate from the Bankruptcy Appellate Panel, also for lack of jurisdiction. The Court also ordered Cameron to show cause why her remaining appeals should not be dismissed for failure to prosecute, as she had not timely filed her appeal brief in 17-cv-11026 and she had not filed anything but a notice of appeal in 17-cv-11193 or 17-cv-11112.

On December 18, 2017, Cameron filed two more motions in 17-cv-11026—a motion requesting assignment to a mediator and a motion to consolidate her bankruptcy appeal with an appeal from a Massachusetts Housing Court, Eastern Division decision in 17H84CV000508. *In re Cameron*, 17-cv-11026-FDS, ECFs 15, 16 (D. Mass. Dec. 18, 2017). The Court denied those motions on December 22, 2017.

## II.  Analysis

Appeals 17-cv-11026, 17-cv-11193, and the remaining part of 17-cv-11112 will be dismissed for failure to prosecute.

### A.  17-cv-11026

As to 17-cv-11026, plaintiff failed to file her appeal brief by the court-ordered deadline. "If an appellant fails to file a brief on time or within an extended time authorized by the district court, . . . the district court . . . , after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Dismissal is appropriate "when bad faith, negligence or indifference has been shown." *In re Tucker*, 665 F. App'x 841, 844 (11th Cir. 2016).

Plaintiff was ordered to file her appeal brief in 17-cv-11026 by July 27, 2017. The Court had already granted her one extension of time. July 27 was the deadline she herself had

8

requested in her first motion for an extension of time, and therefore ought to have been a feasible deadline for her to meet. Motions for extensions of time ordinarily should be filed well *before* the deadline the motion seeks to extend; here, plaintiff waited until the last moment and filed both motions on the deadlines. Her second motion for an extension of time was denied, for the reasons explained in the Court's December 14, 2017 order. She still has not filed an appeal brief in this case.

Plaintiff's lengthy response to the Court's order to show cause describes purported facts and allegations concerning the receivership of her property at 98 Topliff Street and protests that an initiated foreclosure on that property was illegal because all the mortgage obligations regarding it had been discharged. Appellant's Response to the Court's Order to Show Cause at 4-7, 17-18, No. 17-cv-11026-FDS, ECF 19 (D. Mass. Dec. 27, 2017). Those matters appear to be the subject of at least two Massachusetts Housing Court actions, 17H84CV000091 and 17H84CV000508. To the extent that plaintiff's response addresses her failure to prosecute at all, it suggests that that failure should be excused because the bankruptcy action is related to the state-court actions regarding the receiver, and the appeals should proceed together. *Id.* at 11-12, 21.

Far from establishing a reason to allow her additional time to file her appeal brief, plaintiff's response merely highlights that this bankruptcy action was brought in bad faith to obstruct the receiver and circumvent the Housing Court's authority. As plaintiff apparently does not believe that she owes the mortgage creditors anything, her bankruptcy action could not have been filed in a good-faith effort to discharge that debt through the liquidation of her assets. *See* Chapter 7 Voluntary Petition, 17-bk-10933-FJB, ECF 1 (Bankr. D. Mass. Mar. 20, 2017) (naming two creditors, the Federal National Mortgage Association aka U.S. Bank Trust, N.A.

and EverSource).[5] Rather, it appears that plaintiff intended to use the automatic stay to halt the state-court proceedings. Appellant's Response to the Court's Order to Show Cause at 6, *In re Cameron*, No. 17-cv-11026-FDS, ECF 19 (D. Mass. Dec. 27, 2017) (complaining that the stay was deliberately ignored); *see also* Motion to Extend the Automatic Stay, 17-bk-10933-FJB, ECF 22 (Bankr. D. Mass. Apr. 3, 2017).

Furthermore, it is impossible for plaintiff's bankruptcy appeals to be consolidated with her appeals from the Massachusetts Housing Court. This Court has no jurisdiction over the final decisions of a state court, and plaintiff must seek relief through the appropriate state channels.[6] Plaintiff's insistence that the appeals be heard together as arising out of the same matter further convinces the Court that her bankruptcy action is, at bottom, an attack on the receivership and foreclosure. *See* Appellant's Response to the Court's Order to Show Cause at 11-12, No. 17-cv-11026-FDS, ECF 19 (D. Mass. Dec. 27, 2017) ("The Debtor appealed the final [state] disposition and took the appeal to this District Court on the grounds that the State Court case was 'related-to' the bankruptcy case, involved the same parties, same issues, same exempt property, and substantially the same applicable state and federal laws and rules, and, because the bankruptcy may have granted the Receiver charge of the bankruptcy estate that otherwise should have been managed by the Chapter 7 Bankruptcy Trustee, the appeal cannot reasonably be resolved absent resolving the State Court issues simultaneously.").

---

[5] Furthermore, plaintiff's September 29, 2017 motion in this case to reinstate the bankruptcy action and convert it to a Chapter 13 action reveals her unwillingness to give up the 98 Topliff Street property in satisfaction of her debts—she refers to it as "exempt," and explains how it would generate income for her to comply with a Chapter 13 repayment plan. Motion to Bifurcate Appeal Issues, Motion to Vacate Dismissal and Reinstate Chapter 7, and Motion to Voluntarily Convert from Chapter 7 to Chapter 13, *In re Cameron*, 17-cv-11026-FDS, ECF 10 (D. Mass. Aug. 1, 2017).

[6] Plaintiff (the defendant in one of the state-court cases) tried to remove 17H84CV000091 to federal court, but it was remanded for lack of subject-matter jurisdiction. Order of Remand, *City of Boston Inspectional Servs. Dep't v. Cameron*, 17-cv-10453-LTS, ECF 7 (D. Mass. Mar. 22, 2017).

Plaintiff has utterly failed to show, either in response to this Court's order to show cause or in a timely or untimely appeal brief, that she was prevented from filing her appeal brief for some excusable reason or indeed that there is any error in the bankruptcy court's ruling. Appeal 17-cv-11026 will therefore be dismissed pursuant to Rule 8018(a)(4).

**B.      17-cv-11112 and 17-cv-11193**

As to 17-cv-11112 and 17-cv-11193, Cameron has failed to file her designation of the record and statement of the issues on appeal. Rule 8009(a)(1) requires that appellants file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1). Failure to do so may result in dismissal of the case, in the discretion of the Court. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court of BAP to act as it considers appropriate, including dismissing the appeal."); *see In re M.A. Baheth Constr. Co.*, 118 F.3d 1082, 1083-84 (5th Cir. 1997) (citing cases from the Fourth, Ninth, and Tenth Circuits).

The Fourth Circuit has held that before dismissing a case under Rule 8003(a)(2), a district court "must take at least one of the following steps: '(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.'" *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)). The Second, Fifth, and D.C. Circuits have taken a more flexible approach, requiring the district court to look at all the circumstances, including similar factors to the Fourth Circuit's rule. *See In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006); *English-Speaking Union v. Johnson*, 353 F.3d 1013,

1022 (D.C. Cir. 2004); *In re* CPDC Inc., 221 F.3d 693, 699-700 (5th Cir. 2000).

Cameron has not filed any papers, apart from her notice of appeal, in 17-cv-11112 or 17-cv-11193. She has not filed a designation or statement pursuant to Rule 8009(a)(1) in those appeals. She has not filed appeal briefs in those cases, which, absent court order, were due 30 days after the docketing of the notice of appeal. Fed. R. Bankr. P. 8018(a)(1). She has offered no explanation for why she has not filed those designations or briefs, or requested any extra time to file them. To the extent she could have been waiting on the disposition of her motion to consolidate, that 14-day deadline for designations had passed in both cases weeks before that motion was filed.

For the reasons described above, the Court finds that plaintiff has acted in bad faith. The Court gave plaintiff the opportunity to explain her lack of diligence and received only the reply that she was waiting to have her bankruptcy appeals consolidated with the state-court appeals. Even if that were possible, it cannot be that a plaintiff can avoid prosecuting an appeal by filing multiple actions regarding the same subject matter in different forums and then claiming that they should be resolved together. While there are no other parties to this proceeding, it seems likely that the receiver and the bank, to the extent they are seeking to finally adjudicate the respective claims to 98 Topliff Street, are prejudiced by delay in the prosecution of the bankruptcy appeals here. Nor can the Court ignore plaintiff's status as a repeat filer who has previously been sanctioned by the Bankruptcy Court. Accordingly, alternative sanctions short of dismissal are not appropriate.

17-cv-11193 and 17-cv-11112 will therefore be dismissed for failure to prosecute.

## III. Conclusion

For the foregoing reasons, 17-cv-11026, 17-cv-11193, and the remaining claim in 17-cv-

12

11112 are DISMISSED for failure to prosecute.

**So Ordered.**

Dated: January 4, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge